NOT RECOMMENDED FOR PUBLICATION
File Name: 14a0629n.06

No. 13-2432

**FILED**
Aug 13, 2014
DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DEBBIE JEAN LATITS, as Personal Representative of the Estate of Laszlo John Latits, Deceased, | ) ) ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| LOWELL PHILLIPS, Police Officer for the City of Ferndale, | ) ) ) | OPINION |
| Defendant-Appellant. | ) ) | |

BEFORE:   CLAY and STRANCH, Circuit Judges; BLACK, District Judge.[*]

**STRANCH, Circuit Judge.**   Debbie Jean Latits filed suit under 42 U.S.C. § 1983 alleging that City of Ferndale Police Officer Lowell Phillips violated the Fourth Amendment when he fatally shot her husband, Laszlo John Latits, at the conclusion of a vehicle chase. The district court denied Officer Phillips's motion for judgment on the pleadings on various grounds, including qualified immunity, *see* Fed. R. Civ. P. 12(c), and Officer Phillips filed this interlocutory appeal seeking reversal of the district court's decision. We **DISMISS** the appeal for lack of jurisdiction.

The parties agree we should review *de novo* the district court's decision to deny the Rule 12(c) motion for judgment on the pleadings. *See Kottmyer v. Maas*, 436 F.3d 684, 689 (6th

---

[*]The Honorable Timothy Black, United States District Judge for the Southern District of Ohio, sitting by designation.

Cir. 2006). We must accept as true the well-pleaded factual allegations of the complaint and construe the facts in the light most favorable to the plaintiff. *Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). The complaint alleges the following facts.

In the early morning hours of June 24, 2010, Laszlo Latits was stopped by one or more Ferndale police officers for a minor traffic violation. Latits did not possess a weapon. When Officer Jaklic pointed a pistol at Latits's head from point blank range, Latits fled in his vehicle, but he did not drive at an excessive rate of speed. Three Ferndale police officers pursued him even though he had committed, at most, a civil infraction or a misdemeanor in their presence. He was not suspected of any felony offenses prior to the pursuit, and there were no felony warrants for his arrest.

The police pursuit began in the vicinity of 8 Mile Road and Livernois and ended in the vicinity of State Fair and Woodward in Detroit. Officer Wurm began ramming Latits's car when Latits turned northbound on Woodward. The chase ended when Officer Phillips rammed Latits's car and pushed it across three lanes of traffic and onto the corner of State Fair and Woodward. Officer Phillips got out of his car and ran near the passenger door of Latits's car. Latits began backing up at low speed. Officer Phillips drew his pistol, turned, and ran after Latits's car. Latits did not try to hit Officer Phillips with his car; rather, he backed away in an arc that curved away from the officer. Officer Phillips then fired seven shots, at least three of them after Latits had already backed all the way past Officer Phillips. Three shots hit Latits—two in the chest and one in the arm. Officer Phillips was in no danger when he shot Latits. He was not protecting another officer or anyone else from imminent serious bodily injury at the time he used his weapon. Latits did not present an imminent threat to the officers before or at the time he was shot. Latits was transported to Beaumont Hospital where he was pronounced dead.

Whether Officer Phillips is entitled to qualified immunity on these facts turns on the objective legal reasonableness of his discretionary conduct in light of clearly established law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). We ask whether he violated a constitutional right and whether that right was clearly established at the time of the alleged conduct. *Wood v. Moss*, 134 S. Ct. 2056, 2066–67 (2014). A district court's denial of qualified immunity, to the extent it turns on a pure issue of law, is an appealable "final decision" within the meaning of 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Gregory v. City of Louisville*, 444 F.3d 725, 742 (6th Cir. 2006). For purposes of interlocutory appeal, however, Officer Phillips must concede the most favorable view of the facts for the plaintiff. *See Quigley v. Thai*, 707 F.3d 675, 680 (6th Cir. 2013); *Estate of Carter v. City of Detroit*, 408 F.3d 305, 309–10 (6th Cir. 2005).

In his briefs and oral argument, Officer Phillips steadfastly refused to concede the most favorable view of the facts for the plaintiff. Ignoring completely the plaintiff's factual allegations pled in federal court, he contends that we must apply the facts found by the Michigan Court of Appeals at an earlier stage of this litigation when that court granted his defense of governmental immunity to the plaintiff's state-law claim of assault and battery. *See Latits v. Phillips*, 826 N.W.2d 190 (Mich. Ct. App. 2012). He insists that the same facts compel us to grant him qualified immunity on the Fourth Amendment claim.

Officer Phillips either misunderstands or chooses to disregard our case law. Because he does not accept the plaintiff's allegations for purposes of this appeal and insists on using an entirely different version of the facts more favorable to him, we lack jurisdiction to resolve the qualified immunity question in this interlocutory appeal. *See Gregory*, 444 F.3d at 743 (citing *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). Officer Phillips has made no effort to demonstrate

that, under the facts alleged by the plaintiff, he did not violate the deceased's Fourth Amendment rights or that he is entitled to qualified immunity due to a lack of clearly established law. *See Plumhoff v. Rickard*, 134 S. Ct. 2012, 2016–17 (2014) (holding in police shooting case decided on summary judgment that officer did not violate deceased motorist's Fourth Amendment rights and alternatively, was entitled to qualified immunity).

Officer Phillips also asserts that he is entitled to judgment on the pleadings under the doctrines of collateral estoppel, the law of the case, and *Rooker-Feldman*. He does not point us, however, to any published case in which we have held that we possess appellate jurisdiction to review a district court's rulings on these doctrines when they are raised in an interlocutory qualified immunity appeal. Because we lack jurisdiction to decide the qualified immunity question, we are not inclined to decide whether we have jurisdiction to consider these other claims on interlocutory appeal.

Even if we had jurisdiction, we would nonetheless reject each claim as without merit. Officer Phillips cannot show the existence of a prior valid and final judgment entered in state court to warrant the application of collateral estoppel. *See Pac. Employers Ins. Co. v. Sav-A-Lot of Winchester*, 291 F.3d 392, 399 (6th Cir. 2002). The law of the case doctrine does not apply because the Michigan Court of Appeals decided a state-law issue distinct from the Fourth Amendment issue presented to the federal courts. *Cf. Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). The *Rooker-Feldman* doctrine is inapplicable because the plaintiff does not complain of any injury caused to her by an adverse state court judgment; rather, her Fourth Amendment claim targets the alleged wrongdoing of Officer Phillips. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Finally, Latits requests an award of sanctions against the defendant. Federal Rule of Appellate Procedure 38 provides: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs." In briefing and at oral argument, defense counsel resolutely refused to follow our case law. This appeal, moreover, appears to have been interposed for the purpose of delay. Although the appeal is frivolous and the question of sanctions is close, we decline at this time to award Rule 38 sanctions as requested by the plaintiff.

For the reasons stated, we **DISMISS** the appeal for lack of appellate jurisdiction.